UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA   ) | |
| ) | |
| v.   ) | No. 2:23 CR 34 |
| ) | |
| MARKITH DUSHAWN WILLIAMS   ) | |

### OPINION and ORDER

I.   BACKGROUND

Defendant is charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (DE # 1.) It is undisputed that defendant has a prior felon-in-possession conviction, as well as preexisting felonies for, amongst other things, the manufacture, possession, and delivery of controlled substances. (DE # 26 at 1.)

Before the court is defendant's motion to dismiss the indictment on Second Amendment grounds in light of the Supreme Court's ruling in *New York State Rifle & Pistol Ass'n., Inc. v. Bruen*, 597 U.S. 1, 142 S. Ct. 2111 (2022). (DE # 21.) For the following reasons, the motion is denied.

II.   LEGAL STANDARD

The Federal Rules of Criminal Procedure provide that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). Rule 12 authorizes defendants to challenge the lawfulness of a prosecution on purely legal, as opposed to factual, grounds. *See United States v. Coscia,* 866 F.3d 782, 790 (7th Cir. 2017). A court may decide all questions

of law raised in a motion to dismiss, including the constitutionality and interpretation of a federal statute. *See United States v. Sorich*, 523 F.3d 702, 706 (7th Cir. 2008).

### III.   DISCUSSION

In *Bruen*, the Supreme Court established a two-prong framework for analyzing whether a challenged firearm regulation violates the Second Amendment. First, *Bruen* instructs courts to determine whether the Second Amendment's plain text covers an individual's conduct. If it does, the conduct is "presumptively protect[ed]," and the government bears the burden of demonstrating that the challenged regulation "is consistent with the Nation's historical tradition of firearm regulation." *Bruen,* 142 S. Ct. at 2129–30. The present case requires analysis of only the second part of the framework, as the court assumes, *in arguendo*, that defendant's conduct is covered by the plain text of the Second Amendment. *United States v. Regalado,* No. 3:23CR42 DRL, 2023 WL 9054039, at *2 (N.D. Ind. Dec. 20, 2023) (Leichty, J.) ("Consistent with the wisdom of deciding constitutional questions on their narrowest ground, the court will assume the Second Amendment applies and proceed directly to the historical analysis.").

The Supreme Court has not addressed the constitutionality of Section 922(g)(1) after *Bruen*, nor has the Seventh Circuit. The circuits that *have* addressed the issue are split. *See, e.g., United States v. Jackson*, 69 F.4th 495, 505 (8th Cir. 2023) (finding Section 922(g)(1) constitutional); *Range v. Att'y Gen. United States of Am.,* 69 F.4th 96, 98–99, 106 (3d Cir. 2023) (finding the same unconstitutional). In this circuit, district courts have been grappling with the issue, with "most, but not all upholding the statute as constitutional." *United States v. Cherry,* No. 23-CR-30112-SMY, 2024 WL 379999, at *3

(S.D. Ill. Feb. 1, 2024) (collecting cases); *Regalado,* 2023 WL 9054039, at *2 (collecting cases).

In this case, defendant argues that Section 922(g)(1) violates the Second Amendment both as applied and on its face. To succeed on an "as applied" challenge, he must show the statute is unconstitutional as applied to his particular facts. *See United States v. Phillips,* 645 F.3d 859, 863 (7th Cir. 2011). To succeed on a facial challenge, he must show the statute is unconstitutional in all applications. *City of Los Angeles v. Patel,* 576 U.S. 409, 415 (2015).

The crux of defendant's facial challenge is that barring felons from owning firearms is not consistent with this nation's history of firearm regulation. It appears true that the historical record is "void of the disarmament of those convicted of crimes and felonies." *United States v. Vaughns,* No. 22-CR-00636, 2023 WL 8258575, at *5 (N.D. Ill. Nov. 29, 2023); *see also United States v. Williams,* 616 F.3d 685, 692 (7th Cir. 2010) ("the academic writing on the subject of whether felons were excluded from firearm possession at the time of the founding is 'inconclusive at best'"). However, *Bruen* requires "only that the government identify a well-established and representative historical *analogue*, not a historical *twin*." 142 S. Ct. at 2133 (emphasis in original). In other words, "even if a modern-day regulation is not a dead ringer for historical precursors, it still may be analogous enough to pass constitutional muster." *Id.*

Many district courts under the purview of the Seventh Circuit have relied upon Revolution-era laws dispossessing British loyalists of their firearms, as providing a proper historical analogue to Section 922(g)(1). This court concurs. It is beyond dispute

3

that colonial legislatures disarmed British loyalists they feared would disregard the law and disturb the social order. *Vaughns,* 2023 WL 8258575, at *7 (collecting sources); *see e.g.,* 4 Journals of the Continental Congress 1774-1789, at 205 (1906) (resolution of Mar. 14, 1776); 5 The Acts and Resolves, Public and Private, of the Province of the Massachusetts Bay 479-84 (1886) (1776 Mass. law); 7 Records of the Colony of Rhode Island and Providence Plantations in New England 567 (1862) (1776 R.I. law); 1 The Public Acts of the General Assembly of North Carolina 231 (1804) (1777 N.C. law); *see also United States v. Jackson,* 69 F.4th 495, 503 (8th Cir. 2023) (explaining "[i]n the era of the Revolutionary War, the Continental Congress, Massachusetts, Virginia, Pennsylvania, Rhode Island, North Carolina, and New Jersey prohibited possession of firearms by people who refused to declare an oath of loyalty.").

Defendant argues that these Revolution-era dispossession laws are not analogous to Section 922(g)(1) because the latter is a complete ban with no exceptions. In defendant's view, this is different than dispossession laws, the consequences of which could be avoided by swearing an oath to the United States. The court disagrees. Section 922(g)(1) is not a total and permanent ban on the right to bear arms. Felons may be pardoned, have their convictions expunged, or seek administrative relief from the Attorney General. 18 U.S.C. § 925(c). These exceptions demonstrate that Section 922(g)(1) imposes a burden on the right to bear arms comparable to the British-loyalist dispossession historical analogue. *Vaughns,* 2023 WL 8258575, at *7; *United States v. Anderson*, No. 22 CR 0594, 2023 WL 7531169, at *9 (N.D. Ill. Nov. 13, 2023) ("loyalty oath laws . . . are the strongest analogue to § 922(g)(1)"). Though not "historical twins,"

4

Section 922(g)(1) and British-loyalist disarmament laws are "historical analogues" sufficient for *Bruen* purposes. *See* 142 S. Ct. at 2133. Accordingly, defendant's facial challenge to Section 922(g)(1) fails.

Defendant also argues that Section 922(g)(1) is unconstitutional as applied to his particular facts. Specifically, defendant argues that his prior felonies involving drugs and weapons amounted to "non-political street crime," which are meaningfully different than the organized, armed acts of sedition that colonialist legislators aimed to prevent by dispossessing British loyalists of their firearms. (DE # 31 at 29.) Defendant argues, in other words, that his particular prior felonies were not traditionally subject to firearm dispossession.

But defendant's argument misses the mark. The regulation the court must examine under *Bruen* is *unlawfully possessing a firearm as a felon*, not defendant's prior drug and weapon felonies themselves. As Judge Damon R. Leichty recently explained in his outstandingly thorough opinion on the constitutionality of Section 922(g)(1) under *Bruen*, a defendant's focus on the nature of his prior felonies "invites the court to wade into a classification process of the predicate offense that neither [*District of Columbia v. Heller,* 554 U.S. 570, 592 (2008)] nor *Bruen* has directed." *Regalado,* 2023 WL 9054039, at *9. Indeed, "[t]he court's proper lens is whether this statute—which regulates felons (as a category)—fits within our Nation's historical tradition, and it does." *Id.* As the Seventh Circuit has articulated, "Governments may keep firearms out of the hands of dangerous people who are apt to misuse them," *United States v. Holden*, 70 F.4th 1015, 1017 (7th Cir. 2023) (citing *Bruen*, 142 S. Ct. at 2131), including "the sort of

5

person who cannot be trusted with guns." *Id.* at 1018. Defendant fits into this category, and the regulation of this category fits within our nation's historical tradition. Accordingly, defendant's "as applied" argument fails.

For all of these reasons, the court finds Section 922(g)(1) constitutional, both on its face and as applied to defendant. This holding echoes the plethora of other district court decisions in this circuit which have ruled that Section 922(g)(1) is constitutional under a *Bruen* analysis, though the reasoning varies. *See Regalado,* 2023 WL 9054039, at *9 (collecting cases).

### VI. CONCLUSION

The felon firearm-dispossession statute, 18 U.S.C. § 922(g)(1), does not violate the Second Amendment, so the motion to dismiss (DE # 21) is denied. The related motion to file excess pages (DE # 30) is **GRANTED.**

                              **SO ORDERED.**

Date: February 8, 2024

                              s/James T. Moody
                              JUDGE JAMES T. MOODY
                              UNITED STATES DISTRICT COURT